

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2007

# Reliance Ins Co v. Woodward-Clyde

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1114

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Reliance Ins Co v. Woodward-Clyde" (2007). *2007 Decisions.* Paper 741.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/741

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1114

_____

RELIANCE INSURANCE COMPANY,
(in liquidation)

v.

WOODWARD-CLYDE CONSULTANTS;
URS CORPORATION, as successor in interest
to Woodward-Clyde Consultants,

Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cv-03937)
District Court Judge: The Honorable Jose L. Linares

_____

Argued June 28, 2007

Before: BARRY, FUENTES, and GARTH, Circuit Judges.

(Filed:  July 18, 2007)

_____

Lauren Podesta
David J. McLean (ARGUED)
Latham & Watkins LLP
One Newark Center, 16th Floor
Newark, NJ 07101
*Attorneys for Appellants*

William G. Frey (ARGUED)
Virginia L. Hogben
Wolf, Block, Schorr & Solis-Cohen LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103
*Attorneys for Appellee*

---

OPINION OF THE COURT

---

FUENTES, <u>Circuit Judge</u>.

Woodward-Clyde Consultants[1] appeals the summary judgment ruling of the District Court, which held that Woodward must pay Reliance Insurance Company damages for unpaid retrospective insurance premiums. We affirm substantially for the reasons expressed in the thorough and carefully reasoned oral opinion of the District Court. We provide the following discussion only to underscore our agreement with that decision.

From 1992 to 1997, Reliance issued policies to Woodward for workers' compensation and automobile insurance. These policies covered Woodward's employees in about forty states. Each year, Reliance and Woodward also signed separate Premium Agreements, which set forth retrospective premium terms. Reliance acknowledges that it did not file these Premium Agreements with state insurance regulators or otherwise gain the approval of state insurance departments. In 1994, 1995, and 1997, Reliance sent

---

[1] URS Corporation, also a defendant in this case, is the successor in interest to Woodward.

Woodward return premium checks totaling over $860,000, which Woodward accepted and cashed. In 2003, Reliance issued Woodward an invoice for $634,861 for premiums that Woodward had failed to pay under the Premium Agreements. Woodward refused to pay and Reliance subsequently filed suit alleging breach of contract.

Reliance moved for summary judgment in May 2004, and Woodward argued that the Premium Agreements were unenforceable under state laws. The District Court ruled in favor of Reliance, holding that (1) Woodward was estopped from arguing the legality of the Premium Agreements, and (2) Woodward had failed to raise any legally valid defenses. The District Court also awarded Reliance $879,653 in damages, the amount owed by Woodward at the time Reliance moved for summary judgment.[2]

According to New York law, which was applied by the District Court in this case, "[e]quitable estoppel is grounded on notions of fair dealing and good conscience and is designed to aid the law in the administration of justice where injustice would otherwise result. . . . [O]nce a party accepts the proceeds and benefits of a contract, that party is estopped from renouncing the burdens the contract places upon him." E. Air Lines, Inc. v. Ins. Co. of the State of Pa. (In re Ionosphere Clubs, Inc.), 85 F.3d 992, 999-1000 (2d Cir. 1996). We agree with the District Court that Woodward accepted the benefits of the Premium Agreements and cannot now refuse to pay the premiums it owes Reliance.

---

[2] By order dated February 23, 2006, the District Court granted Reliance's motion to add prejudgment interest to the damages previously awarded. The total damages therefore are $1,153,745.43.

Each year that the insurance policies were signed, Woodward's insurance broker insisted on the separate Premium Agreements. Woodward accepted the benefit of these Agreements, most obviously by cashing more than $860,000 in return premium checks sent by Reliance. We find unavailing Woodward's argument on appeal that Reliance's payments could have resulted from annual audits provided for in the insurance policies. In its brief to the District Court in opposition to summary judgment, Woodward conceded that it had "accepted return premiums sent by Reliance," JA 566, and it has cited to no evidence suggesting these payments were the result of anything other than the terms of the Premium Agreements.

Woodward also appeals the District Court's grant of summary judgment on damages. It does not challenge Reliance's calculation of damages, but argues that the damages would have to be reduced if the Agreements were invalid in any states. Since, as the District Court held, Woodward is estopped from arguing unenforceability, we will affirm the District Court's award of damages as well.[3]

---

[3] Because we agree with the District Court on the issue of estoppel, we need not discuss Woodward's contentions that the Agreements violate the substantive laws of some states. Likewise, we need not address Woodward's arguments with regard to choice of law, since it has conceded that applying Pennsylvania law would not affect our analysis of estoppel. Finally, the District Court did not abuse its discretion in denying Woodward further discovery; we do not believe any additional evidence would have precluded summary judgment.